IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| | } | CIVIL ACTION NO. |
| Plaintiff, | } } | |
| v. | } } | COMPLAINT |
| AIR EXPRESS INTERNATIONAL USA, INC. & DANZAS CORPORATION d/b/a DHL GLOBAL FORWARDING, | } } } } | |
| | } | JURY DEMAND |
| Defendant. | } } | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices and to make whole Charging Parties Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora and similarly situated aggrieved individuals, Fausto Najera, and Oscar Martinez who were adversely affected by such practices. The Commission alleges that the Defendant, Air Express International, USA, Inc. and Danzas Corporation d/b/a DHL Global Forwarding (hereafter, "DHL Global Forwarding" or "Defendant")discriminated against Oscar R. Guajardo, Cesar Moran, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez by subjecting them to harassment which created a hostile work environment because of their national origin, Hispanic. The Commission also alleges that the

Defendant, DHL Global Forwarding subjected Oscar R. Guajardo, Cesar Moran, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez to different terms and conditions of employment because of their national origin.  The Commission further alleges that Defendant, DHL Global Forwarding discriminated against Charging Troy Petty by terminating his employment in retaliation for having opposed what he reasonably believed to be unlawful discriminatory employment  practices..

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4. At all relevant times, Defendant, DHL Global Forwarding, has continuously been and is now doing business in the State of Texas, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, and Jose Zamora filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. During the employment of Oscar R. Guajardo, Cesar Moran, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez at the DHL Global's Dallas, Texas facility, Defendant subjected the workers to unwelcome and offensive national origin harassment in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2. The hostile environment created and condoned by the Defendant included , but is not limited to the following:

a. Hispanic employees were referred to with ethnic derogatory terms and epithets such as: "wetbacks", "beaners," "taco bender", "salvatrucha" (the name for a Salvadoran gangster), "stupid Mexicans" and "Puerto Rican bitch"  They were also addressed or referred to by their country of origin with profane and offensive descriptors.

b. Hispanic employees were subjected to derogatory stereotyping when insults were made such as: that that they should be outside "mowing the grass" and that their "homies" had

been seen on television shows about prison.  They were subjected to other references identifying them with gangsters, smugglers and criminals.

    c.    Despite complaints about discriminatory conduct to supervisory and management personnel, the Defendant failed or refused to take prompt and effective remedial action to prevent or correct the harassment.

    8.    During the employment of Oscar R. Guajardo, Cesar Moran, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez, Defendant subjected them to different terms and conditions of employment because of their national origin.  Disparate terms and conditions of employment to which the Hispanic employees were subjected include, but are not limited to, job assignments, work loads, and an unnecessary language prohibition.

    9.    During the employment of Charging Party Troy Petty, the Defendant has engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3.  Specifically, Troy Petty was terminated in retaliation for opposing what he reasonably believed to be unlawful employment practices based on the national origin of the employees and for participating in the process of reporting the discriminatory treatment of Hispanic employees to Defendant's management officials.

    10.    The effect of the practices complained of above in paragraphs 7, 8 and 9, has been to deprive Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez of equal employment opportunities and otherwise adversely affect their status as employees.

**COMPLAINT**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**4**

9.  The unlawful employment practices complained of in paragraphs 7, 8 and 9, above, were intentional.

10. The unlawful employment practices complained of in paragraphs 7, 8 and 9, above, were done with malice or reckless indifference to the federally protected rights of Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant, DHL Global Forwarding, its officers, successors, assigns, and all persons in active concert or participation with it, and from engaging in any employment practice which discriminates on the basis of national origin in violation of Title VII.

B.  Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order the Defendant to make whole Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7, 8 and 9 above, including

but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

      D.      Order the Defendant to make whole Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 7, 8 and 9, above, in amounts to be determined at trial.

      E.      Order the Defendant to make whole Troy Petty by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to front pay in lieu thereof.

      F.      Order the Defendant to pay punitive damages for its malicious conduct or reckless indifference described in paragraphs 7, 8 and 9, above, in amounts to be determined at trial.

      G.      Grant such further relief as the Court deems necessary and proper.

      H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Assistant General Counsel

GWENDOLYN REAMS
Deputy General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470


/s/ Joel P. Clark
JOEL P. CLARK
Trial Attorney
Texas Bar No. 24050425


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 S. Houston, Third Floor
Dallas, Texas 75202
(214) 253-2743
(214) 253-2749 (FAX)

**COMPLAINT**                                                                                   7