**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** §<br>**COMMISSION,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:11-CV-2581-L** |
| § | |
| **AIR EXPRESS INTERNATIONAL,** § | |
| **USA, INC. & DANZAS CORPORATION** § | |
| **d/b/a DHL GLOBAL FORWARDING,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Movant's Amended Motion to Intervene (Doc. 9), filed on December 13, 2011, by Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora and similarly situated aggrieved individuals, Fausto Najera, and Oscar Martinez (collectively "Movants"). After considering the motion and the grounds asserted for the requested intervention, the court determines that Movant's Amended Motion to Intervene should be **denied**.

## I.    Background

This is an action under Title VII of the Civil Rights Act of 1964 brought by the Equal Employment Opportunity Commission ("EEOC") on September 30, 2011, against Air Express International, USA, Inc. and Danzas Corporation d/b/a DHL Global Forwarding ("Defendant") to correct unlawful employment practices and to make whole Movants, who are the charging parties in EEOC 450-2008-00379 and 450-2008-01072 and the persons adversely affected by the alleged

unlawful employment practices.  According to the EEOC's Complaint, Defendants "discriminated against [Movants] by subjecting them to harassment which created a hostile work environment because of their national origin, Hispanic."  Compl. 1.  The Complaint also alleges that the Defendant "subjected [all Movants except Troy Petty] to different terms and conditions of employment because of their national origin."  *Id.* 2.  In addition, the Complaint alleges that the Defendant "discriminated against [] Troy Petty by terminating his employment in retaliation for having opposed what he reasonably believed to be unlawful discriminatory employment practices."  *Id.*

More specifically, the Complaint asserts that during their employment, all of the Movants except Troy Petty were subjected to unwelcome and offensive national origin harassment in violation of Title VII in the form of ethnic derogatory terms and epithets such as: "wetbacks," "beaners," "taco bender," "salvatrucha" (the name for a Salvadoran gangster), "stupid Mexicans," and "Puerto Rican bitch."  Compl. 3-4, ¶ 7.  They were also "subjected to derogatory stereotyping when insults were made such as: that that [sic] they should be outside 'mowing the grass' and that their 'homies' had been seen on television shows about prison."  *Id.*  They were referred to as gangsters, smugglers and criminals."  *Id*.  The Complaint further states that, as a result of their national origin, they were subjected to different terms and conditions of employment, including different job assignments, work loads, and an unnecessary language prohibition.  Compl. 3-4, ¶ 8.  With regard to Troy Petty, the Complaint alleges that the Defendant terminated his employment "in retaliation for opposing what he reasonably believed to be unlawful employment practices based on the national origin of the employees and for participating in the process of reporting the discriminatory treatment of Hispanic employees to Defendant's management officials."  Compl. 3-4, ¶ 9.

For these violation of Title VII, the EEOC seeks the following relief against Defendants:

    A.  Grant a permanent injunction enjoining the Defendant, DHL Global Forwarding, its officers, successors, assigns, and all persons in active concert or participation with it, and from engaging in any employment practice which discriminates on the basis of national origin in violation of Title VII.

    B.  Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez, and which eradicate the effects of its past and present unlawful employment practices.

    C.  Order the Defendant to make whole Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7, 8 and 9 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

    D.  Order the Defendant to make whole Oscar R. Guajardo, Cesar Moran, Troy Petty, Santiago Salguero-Jimenez, Buimaro Victoria, Carlos Villanueva, Jose Zamora, Fausto Najera, and Oscar Martinez by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 7, 8 and 9, above, in amounts to be determined at trial.

    E.  Order the Defendant to make whole Troy Petty by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to front pay in lieu thereof.

    F.  Order the Defendant to pay punitive damages for its malicious conduct or reckless indifference described in paragraphs 7, 8 and 9, above, in amounts to be determined at trial.

    G.  Grant such further relief as the Court deems necessary and proper.

    H.  Award the Commission its costs in this action.

Compl. 5-6.

## II.     Analysis

Movants seek to intervene in this action on the grounds that they are the charging parties to the EEOC 450-2008-00379 and 450-2008-01072 and the persons who were adversely affected by the alleged unlawful employment practices by Defendant.   Movants contend they have an unconditional right to intervene and the court must permit them to intervene under Rule 24(a)(1) of the Federal Rules of Civil Procedure because Title VII, 42 U.S.C. § 2000e-5(f)(1) "grants the charging party the unconditional right to intervene in cases brought by the EEOC." Mot. ¶ 3. Additionally or alternatively, Movants assert that under Rule 24(a)(2) they have the right to intervene in the action "because they have interests in the subject of the action, and because disposition of this case without their involvement may as a practical matter impair or impede their ability to protect their interests." *Id*. ¶ 4.  Movants therefore request that the court enter an order allowing them to intervene as a matter of right.  Alternatively, Movants request that the court exercise its discretion and allow them to intervene permissively.  Movant's motion and Certificate of Service indicate that the EEOC and Defendant do not oppose their request to intervene.

Under Rule 24, intervention is either permissive or a matter of right.  Fed. R. Civ. P. 24 (a)-(b).  A party seeking to intervene as of right under must satisfy four requirements: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir.) (en banc) (quoting *International Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir.

1978)), *cert. denied*, 469 U.S. 1019 (1984). "If a party seeking to intervene fails to meet any one of those requirements then it cannot intervene as a matter of right." *Kneeland v. National Collegiate Athletic Ass'n*, 806 F.2d 1285, 1287 (5th Cir.), *cert. denied*, 484 U.S. (1987). A party may be entitled to permissive intervention if "given a conditional right to intervene by a federal statute" or where the party's claim and the main action have a question of law or fact in common. *See* Fed. R. Civ. P. 24(b)(1)-(2). Permissive intervention is a matter "wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Staley v. Harris Cty.*, 160 F. App'x 410, 414 (5th Cir. 2005) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir.1984)).

While Title VII grants the charging or aggrieved party a right to intervene, such right is not absolute or unconditional. "[T]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision." 42 U.S.C. § 2000e-5(f)(1). As Defendant is not such an entity, Movants do not have an unconditional right to intervene. Furthermore, the court determines that Movants' conclusory assertion that their ability to protect their interests in the action will be impaired or impeded if not permitted to intervene is not sufficient to meet their burden in this regard. Additionally, Movants' motion fails to address the fourth requirement for intervention as a matter of right, that is, Movants have not asserted any reason why their interest in this action will not be adequately represented by the existing parties. Accordingly, the court concludes that Movants have not met their burden of establishing that they are entitled to intervene as a matter of right. *Kneeland*, 806 F.2d at 1287. Moreover, based on the EEOC's Complaint and relief sought on behalf of the Movants, the court determines that the EEOC adequately represents Movants' interests in this

case.  Likewise, because the EEOC adequately represents Movants' interests in this case, the court determines that permissive intervention is unwarranted and should not be allowed despite the lack of opposition by the EEOC and Defendant.  *See Staley*, 160 F. App'x at 414 (affirming denial of permissive intervention where district court found that existing party adequately represented the interests of the party seeking to intervene).

### III.   Conclusion

For the reasons herein stated, the court **denies** Movant's Amended Motion to Intervene.

**It is so ordered** this 21st day of December, 2011.

Sam A. Lindsay
United States District Judge